**SEMPRA ENERGY TRADING CORP., Plaintiff–Counter–Defendant–Appellant,**

v.

**ALGOMA STEEL INC., Defendant–Counter–Claimant–Appellee.**

**Docket No. 01–7360.**

United States Court of Appeals, Second Circuit.

Argued May 17, 2002.

Decided: Aug. 19, 2002.

Brian M. Cogan (Jenifer Arndt, on the brief) Stroock & Stroock & Lavan LLP, New York, NY, for Plaintiff–Counter–Defendant–Appellant.

Bonnie Steingart, (John W. Brewer, David Zilberberg, on the brief) Fried, Frank, Harris, Shriver & Jacobson, New York, NY, for Defendant–Counter–Claimant–Appellee.

Before: WALKER, Chief Judge, WINTER and CALABRESI, Circuit Judges.

PER CURIAM.

Sempra Energy Trading Corp. ("Sempra"), a Delaware corporation with its principle place of business in Connecticut, brought a contract claim against Algoma Steel Inc. ("Algoma"), a Canadian corporation, seeking a declaratory judgment that Sempra is entitled to retain funds under a contract between the two companies. Algoma removed to federal court after Sempra filed it in New York state court. The United States District Court for the Southern District of New York (Gerard E. Lynch, *District Judge*) dismissed the suit for forum non conveniens, concluding that the litigation could be better resolved in Ontario, where Algoma brought a parallel suit. *Sempra Energy Trading Corp. v. Algoma Steel Inc.*, No. 00 Civ. 9227, 2001 WL 282684, 2001 U.S. Dist. LEXIS 3001 (S.D.N.Y. March 22, 2001).

Sempra appeals from the district court's decision. Although Sempra argued before the district court that dismissal for forum non conveniens was inappropriate because of the convenience of the New York forum and the policy supporting plaintiff's choice of forum, it has limited its arguments on appeal to the contractual claim. Specifically, Sempra argues that the district court should have kept this case in New York because the written confirmations of several related transactions consented to litigation in New York and waived any arguments based on forum non conveniens or lack of jurisdiction. Algoma argues in response that the transaction at issue in this case was not covered by the confirmations. We agree with Algoma and affirm the dismissal because of forum non conveniens for substantially the reasons set forth in the thorough and thoughtful district court decision.

Affirmed.